**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF NEW YORK**

---

RA-CHELLE M. BROWN,

                                  Plaintiff,

v.

CITY OF BUFFALO;
ROCCO J. DIINA, as Commissioner of the City
of Buffalo Police Department;
R. GIL KERLIKOWSKE, as former Commissioner
of the City of Buffalo Police Department,

                                  Defendants.

**AFFIDAVIT IN
SUPPORT OF MOTION
TO DISMISS SECOND
AMENDED COMPLAINT**

Case No.
01-CV-0238 E

---

STATE OF NEW YORK   )
COUNTY OF ERIE      ) ss:
CITY OF BUFFALO     )

     **MATTHEW C. VAN VESSEM,** being duly sworn, deposes and says:

1.    I am an attorney duly licensed to practice in the State of New York, and in the United

States District Court for the Western District of New York.

2.    I am an Assistant Corporation Counsel, of counsel to Michael B. Risman, Corporation

Counsel of the City of Buffalo, attorney for the City of Buffalo, and Rocco J. Diina,

Commissioner of the City of Buffalo Police Department and R. Gil Kerlikowske, former

Commissioner of Police (hereinafter "Defendants" or "City of Buffalo").

1

3.     This affidavit is made in support of Defendants' City of Buffalo, et al., motion to dismiss

the Plaintiff's Amended Complaint pursuant to Federal Rules of Civil Procedure 12(b)(6).

This Affidavit is submitted upon information and belief, the sources of which are Buffalo

Police Department files, court records and Plaintiff's pleadings.

## PLAINTIFF'S CAUSES OF ACTION

4.     Plaintiff alleges three causes of action in support of her second amended complaint.

5.     Plaintiff claims that the City of Buffalo violated Plaintiff's right to due process under the

United States Constitution by depriving Plaintiff of her property right to employment as a

City of Buffalo Police Officer. See, Second Amended Complaint, ¶ 13(a).

6.     Plaintiff additionally claims that the City of Buffalo violated Plaintiff's constitutional

rights to equal protection under the United States Constitution by affording some

unidentified persons with hearings, but not so affording Plaintiff, upon misdemeanor or

felony convictions involving one's oath of office. See, Second Amended Complaint,

¶13(b).

7.     Plaintiff finally claims that the City of Buffalo violated Plaintiff's civil right to notice and

a hearing concerning her termination from employment. See, Second Amended

Complaint, ¶ 13(c).

2

## FACTUAL BACKGROUND

8.      Prior to April 3, 1998, Plaintiff was employed as a City of Buffalo police officer.

9.      On April 3, 1998, after a jury trial, Plaintiff was convicted of four separate misdemeanors related to a single incident in November 1997.

10.     In that November 1997 incident, Plaintiff reported in her official capacity that, while on duty directing traffic, an automobile had struck her and had fled the scene.

11.     The four misdemeanors charged against Plaintiff included: (1) Making a Punishable False Written Statement (New York Penal Law 210.45--Class A Misdemeanor), (2) Falsifying Business Records in the 2nd Degree (New York Penal Law 175.05--Class A Misdemeanor), (3) Offering a False Instrument for Filing in the 2nd Degree (New York Penal Law 175.30--Class A Misdemeanor), and (4) Official Misconduct (New York Penal Law 195.00--Class A Misdemeanor).

12.     On April 3, 1998, upon her jury trial conviction, by operation of New York Public Officers Law § 30(1)(e), Plaintiff's position of police officer was deemed vacant and Plaintiff was thereby discharged from duty as a police officer for the City of Buffalo.

3

13.     As required of every sworn officer in the Department, upon her appointment, Plaintiff

executed an oath of office card, swearing to faithfully discharge the duties of her office.

A copy of said oath of office card is attached hereto and incorporated herein as Exhibit

"A."

## MOTION TO DISMISS

### PLAINTIFF HAS FAILED TO STATE A CLAIM

14.     With respect to Plaintiff's causes of action in her second amended complaint, Plaintiff has

failed to stated a claim upon which relief can be granted.

15.     Plaintiff had no protected property interest in her position as a police officer, entitling her

to due process, following conviction for four misdemeanor crimes involving her oath of

office committed while on duty.  In the absence of a protected property right, Plaintiff is

not entitled to any process.

16.     Plaintiff claims that as a police officer with the City of Buffalo she possessed a property

interest in her position, which position could not be deprived without due process of law.

17.     It is axiomatic that constitutionally protected property rights in public office are created

and defined by, among other things, State law. See, Board of Regents v. Roth, 408 U.S.

564 (1972); Green v. McGuire, 683 F.2d 32 (1982).

4

18.     To the extent, then, that Plaintiff had, at one point, a constitutionally protected property

        right in her employment as a police officer for the City of Buffalo, that property right was

        created, as well as limited, by New York State law, including New York Public Officers

        Law.

19.     Public Officers Law § 30, entitled "Creation of vacancies," provides in pertinent part that

        every office shall be vacant upon the happening of the conviction of the office-holder of a

        felony or a crime involving a violation of his oath of office. See, Public Officers Law

        (hereinafter "POL") § 30(1)(e) (McKinneys 1988).

20.     Upon the vacatur of the public officer's position pursuant to State law, the individual's

        property right in the position expires. See, Greene v. McGuire, supra.

21.     By enacting POL § 30(1)(e), the New York Legislature created a specific exception to the

        property interest in public employment enjoyed by certain tenured civil servants under

        New York Civil Service law.  That specific exception, under POL § 30(1), results in the

        vacatur of a person's employment when a public officer, like a police officer, is found

        guilty of an "oath of office" crime, whether a felony or misdemeanor.

22.     Plaintiff was a public officer when she served as a police officer for the City of Buffalo,

        and thereby was subject to POL § 30. See, Schirmir v. Town of Harrison, 1999 U.S. Dist.

5

LEXIS 1292 (S.D.N.Y. 1999).

23.    As a result, while Plaintiff may have had a protected property interest in her position

generally, that interest was subject specifically to the clear and unequivocal terms of POL

§ 30(1).

24.    The analysis of the first cause of action in the instant matter relates to whether conviction

of the four misdemeanor crimes noted above operates to place Plaintiff within the ambit

of POL § 30(1)(e).

25.    The City respectfully submits that Plaintiff's conviction for the aforementioned four

misdemeanor counts divested her property interest in the position of police officer under

New York Law.

26.    The four misdemeanor charges of which Plaintiff was convicted concerned on-duty

conduct, wherein it was alleged and found by jury that Plaintiff made false statements in

her capacity as a police officer.  These false statements resulted in the arrest of an

individual, accused by Plaintiff of being the individual who was driving a "hit and run"

vehicle that struck Plaintiff while she directed traffic.

27.    Misdemeanors that demonstrate dishonesty and corruption of office, among other things,

clearly constitute offenses that involve a police officer's oath of office within the meaning

6

of POL § 30(1)(e).  See, Weissinger v. Ward, 704 F. Supp. 349 (E.D.N.Y 1989); Toro v.

Malcolm, 44 N.Y.2d 146 (1978); Lemieux v. City of Niagara Falls, 138 A.D.2d 945 (4th

Dept. 1988); Hodgson v. McGuire, 75 A.D.2d 763 (1st Dept. 1980).

28.     Upon obtaining notice of Plaintiff's conviction of the four misdemeanor charges, on April

        3, 1998, the City of Buffalo advised Plaintiff that her office was vacated and her position

        terminated pursuant to POL § 30(1)(e).

29.     At that time, on April 3, 1998, the City of Buffalo afforded Plaintiff the opportunity to

        meet with the Commissioner of Police which was refused by Plaintiff.  A copy of a

        transcript record regarding same is attached hereto and incorporated herein as Exhibit

        "B".

30.     The express and unequivocal terms of POL § 30(1)(e) required that the Plaintiff's position

        of police officer be vacated upon her conviction of the aforementioned offenses.

31.     Indeed, Plaintiff does not contend that four misdemeanor convictions based on the

        submission of false facts and the filing of a false instrument, while serving on duty, relate

        directly to the oath of office for a police officer.

32.     As such, the terms of POL § 30(1)(e) are self-executing and Plaintiff's position was

        vacated by operation of law.

33.     Given the statutory mandate, and the case law interpreting that statute, the City of Buffalo
        did not deny Plaintiff any due process of law. See, Greene v. McGuire, supra.

34.     In fact, the City, by Plaintiff's own admission, offered Plaintiff process that was not due,
        prior to her dismissal but after the convictions which rendered her position vacant. See,
        Exhibit B; Second Amended Complaint ¶¶ 11-12. Defendant was not required to hold
        such a hearing, but afforded her the opportunity, despite Plaintiff's refusal to attend.

35.     Accordingly, Plaintiff has failed to state a cause of action regarding any claimed
        constitutional due process violation since the City of Buffalo complied with the mandates
        of POL § 30(1)(e) which operates to divest public officers from their property interest
        when convicted of felonies or crimes involving their oath of office.

36.     In addition to the foregoing, Plaintiff has failed to state a cause of action regarding her
        claim that the City of Buffalo failed to treat Plaintiff equally to others in like
        circumstances in violation of her constitutional right to equal protection of the laws.

37.     Notably, Plaintiff is not challenging the constitutionality of POL § 30(1)(e), but is
        challenging the application of the statutory provision to her case.

38.     Plaintiff alleges others in the same circumstance as Plaintiff, where an officer committed

a crime while on-duty involving his or her official capacity and was thereafter convicted

of that crime, were allegedly afforded pre-termination hearing rights.

39.    Plaintiff's cause of action on this ground must fail insofar it is clear that where an officer

commits a crime involving her official capacity while on duty, submitting, as in this case,

a false instrument, the municipality has no discretion regarding the person found guilty.

The municipality must, like the City did, follow the terms of Public Officers Law and

advise the individual her position is vacated.

40.    The relevant statutory provision is directive and self-executing, requiring the public office

be deemed vacant.

41.    Such a determination is not a punishment to the public officer, but an acknowledgement

by the State Legislature that the general public is entitled to maintain confidence in its

public officers.  Violations committed while on duty are a serious breach of that public

trust. See, Weisinger v. Ward, supra.

42.    The instant case is even more problematic with respect to public trust, since Plaintiff was

convicted of a crime committed on duty, which was compounded by Plaintiff making a

criminal complaint against another individual in Plaintiff's official capacity.

43.    It cannot be controverted that the conviction of such an oath of office crime, even those

9

which may be later overturned, results in the vacatur of the public officer's position.

44.   Accordingly, the City of Buffalo could not have treated Plaintiff, or any individual convicted of the four misdemeanors under which Plaintiff was convicted, any differently than it did.

45.   Faced with clear statutory authority, the City of Buffalo followed the only option available after Plaintiff's conviction: notifying Plaintiff that her position had been vacated and that she needed to return police department property.

46.   Accordingly, the City of Buffalo respectfully requests this Court dismiss Plaintiff's second cause of action, as well as the first, given that she has failed to state a claim that the City violated her right to equal protection under the law.

47.   Finally, the City respectfully requests that this Court dismiss Plaintiff's third cause of action, one related to the first cause of action, which alleges Plaintiff's right to notice and hearing were improperly denied.

48.   As discussed in detail above, under New York State Public Officers Law, Plaintiff was not entitled to a pre-termination hearing in order to satisfy due process or for any other reason. See, Greene v. McGuire, supra; Schirmir v. Town of Harrison, supra.

10

49.     The Court of Appeals for the Second Circuit held in Greene that a vacancy in the position was created automatically by statute immediately upon conviction.  Thus, the property interest in the position is lost and no pre-termination hearing process is due.

50.     To the extent Plaintiff sought review of the determination, judicial review, her post-termination relief, was available to her in the form of a special proceeding under New York Civil Practice Law and Rules Article 78. See, Schirmir v. Town of Harrison, supra. Plaintiff refused to avail herself of this post-termination review, in April 1998, or thereafter, when Defendant Diina denied her further request for a "hearing".

51.     Upon her conviction and the vacatur of her office by operation of law, Plaintiff was not entitled to such a hearing, even when she requested one. See, Greene v. McGuire, supra.

52.     Accordingly, Defendants respectfully request that Plaintiff's causes of action be dismissed in their entirety.

11

**WHEREFORE**, Defendants respectfully submit that the second amended complaint should be dismissed in all respects, together with costs and such other and further relief as the Court may deem just and proper.

_____

**MATTHEW C. VAN VESSEM**

Sworn to before me this
3rd day of January 2003.

Rose Marie Van Kerkhoven
Commissioner of Deeds
Buffalo, New York
My commission expires 12|3|04

12