UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

RA-CHELLE M. BROWN,                                           01-CV-0238E(Sr)

        Plaintiff,

    -vs-                                                     MEMORANDUM

CITY OF BUFFALO,                                                      and
ROCCO J. DIINA, as Commissioner of the City
  of Buffalo Police Department, and                            ORDER[1]
R. GIL KERLIKOWSKE, as former Commissioner
  of the City of Buffalo Police Department,

        Defendants.

---

      Plaintiff commenced this action on April 2, 2001 alleging that defendants violated her civil rights by (1) failing to afford her due process with regard to her employment with the City of Buffalo Police Department ("the Police Department"), (2) violating her right to equal protection by allowing other officers convicted of similar crimes or misdemeanors to continue their employment with the Police Department while failing to allow her to do so and (3) failing to provide her notice and a hearing prior to her discharge from the Police Department.  Plaintiff filed her Second Amended Complaint on December 16, 2002 and defendants moved for summary judgment on April 4, 2005 seeking dismissal of plaintiff's claims.  For the reasons set forth below, defendants' motion will be granted and plaintiff's claims will be dismissed.

      The facts are found as follows in the light most favorable to plaintiff — the non-moving party — and are undisputed except where otherwise noted.  Plaintiff was

---

[1]This decision may be cited in whole or in any part.

employed as a police officer for the Police Department from August 10, 1989 to April 3, 1998. Upon her appointment to the Police Department, plaintiff — as required of every sworn police officer in the Police Department — executed an oath of office card, swearing to faithfully discharge the duties of her office.

On April 3, 1998, plaintiff was convicted of four separate misdemeanors related to an incident in November 1997 to which plaintiff had reported in her official capacity as an on-duty police officer. A jury found that plaintiff, while on-duty and acting in her official capacity as a police officer, made false statements resulting in her conviction of four misdemeanors — to wit, (1) Making a Punishable False Written Statement in violation of New York Penal Law ("NYPL") §210.45, (2) Falsifying Business Records in the Second Degree in violation of NYPL §175.05, (3) Offering a False Instrument for Filing in the Second Degree in violation of NYPL §175.30 and (4) Official Misconduct in violation of NYPL §195.00. Immediately after plaintiff's conviction, she was terminated from her position as a police officer pursuant to New York Public Officers Law ("NYPOL") §30(1)(e).

Defendants, in moving for summary judgment, argue: (1) that whatever property rights plaintiff may have had were limited by NYPOL §30(1)(e), which vacates a police officer's position if she is found guilty of an "oath of office"; (2) that the City of Buffalo did not treat plaintiff differently from other officers convicted of an "oath of office" misdemeanor; and (3) that plaintiff was not entitled to a pre-termination hearing. In response, plaintiff claims that there were similarly situated officers who were allowed

to remain police officers, but cannot identify such because of defendants' then-alleged lack of full disclosure.  Defendants, subsequently, disclosed all that plaintiff had requested.  Review of all of plaintiff's requests indicates that there is no police officer who has been convicted of a felony or a crime involving a violation of the oath of office who has been permitted to remain in the Police Department.

Summary judgment may be granted if the evidence offered shows that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law.  FRCvP 56(c).  There is no genuine issue for trial unless the evidence offered favoring the non-moving party would be sufficient to sustain a jury's verdict for that party.  *Anderson* v. *Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).  Thus, when reasonable minds could not differ as to the outcome of an issue, summary judgment is appropriate on that issue.  *Id.* at 251-252.  The moving party initially bears the burden of showing that no genuine issue of material fact is present but the opposing party must then "set forth specific facts showing that there is a genuine issue for trial."  *Id.* at 250.  If the non-moving party fails to establish, after a reasonable opportunity for discovery, the existence of an element essential to that party's claim and on which it will bear the burden of proof at trial, summary judgment is appropriate because such failure to establish an essential element of the case renders all other facts immaterial.  *See Celotex Corp.* v. *Catrett*, 477 U.S. 317, 322-323 (1986).

When assessing the record in making a summary judgment determination, a court must view all ambiguities and factual inferences in the light most favorable to the

non-moving party.  *Adickes* v. *S.H. Kress & Co.*, 398 U.S. 144, 157 (1970).  However, the non-moving party "cannot defeat the motion by relying on the allegations in his pleading, or on conclusory statements, or on mere assertions that affidavits supporting the motion are not credible."  FRCvP 56(e); *Gottlieb* v. *County of Orange*, 84 F.3d 511, 518 (2d Cir. 1996).

Defendants first claim that, under NYPOL §30, plaintiff does not have a protected property interest in her position as a police officer following her conviction.  In New York State, "[o]nce a police officer has been convicted of a felony or of a crime involving a violation of his oath of office, his position becomes vacant, and this employment is automatically terminated."  *Lemieux* v. *City of Niagara Falls*, 526 N.Y.S.2d 281, 281 (4th Dept. 1988).  NYPOL §30(1)(e) states, in pertinent part, that:

> "Every office shall be vacant upon the happening of one of the following events before the expiration of the term thereof ∗∗∗ His conviction of a felony, or a crime involving a violation of his oath of office ∗∗∗."

The primary purpose of NYPOL §30(1)(e) is to protect "the public's trust in its police officers by removing those whose conduct is a betrayal of that trust."  *Weissinger* v. *Ward*, 704 F. Supp. 349, 350 n.1 (E.D.N.Y. 1989).  Violation of a police officer's oath of office occurs when, *inter alia*, the police officer is convicted of crimes of dishonesty and false statements made in the course of the officer's duties as a police officer.  *Id.* at 350; *Lemieux*, at 281.  Plaintiff, therefore, has violated her oath of office.

A property interest in employment can be created by ordinance and must be decided based on state law. *Bishop* v. *Wood*, 426 U.S. 341, 344-345 (1976).  "To state a cause of action under the Due Process Clause, a plaintiff must show that she has a property interest, created by state law, in the employment or the benefit that was removed." *Bernheim* v. *Litt*, 79 F.3d 318, 322 (2d Cir. 1996).  Plaintiff has made no such showing nor can she.  New York State did not create a property interest in the employment of a police officer who violated her oath of office.  *Weissinger*, at 352 ("Once the conviction for a felony or violation of oath of office has been established, the conditions of [NYPOL §]30(1)(a) are fulfilled and any property or liberty interest in a prior position is lost.") (citing *Green* v. *McGuire*, 683 F.2d 32, 36 (2d Cir. 1982)).  Accordingly, plaintiff's due process claim will be dismissed.

Next, defendants claim that plaintiff cannot show that her right to equal protection was violated because it is undisputed that no police officer in the Police Department was allowed to continue his or her employment as a police officer upon a conviction violating the oath of office.  Plaintiff does not identify such an officer and, upon a review of the evidence presented, the Court concludes that the evidence shows that no such officer exists.  Furthermore, defendants have shown that all police officers convicted of misdemeanors violating the oath of office while on-duty were dismissed pursuant to NYPOL §30(1)(e). *See, e.g., Weissinger*, at 351 (dismissing equal protection claim because the defendants had shown that all the police officers convicted of

offenses involving a violation of the oath of office were summarily dismissed or had retired). Plaintiff's equal protection claim, therefore, will be dismissed.

Finally, plaintiff claims that her rights were violated because defendants failed to provide her with notice and a hearing regarding her termination. It is clearly established, however, that, given the strong public policy favoring NYPOL §30, no disciplinary proceedings or hearings are required upon its violation. *Lemieux*, at 281 (citation omitted); *see also Green*, at 35. Plaintiff does not have a right to a hearing regarding her termination based on her NYPOL §30 violation.

Accordingly, it is hereby **ORDERED** that defendants' motion for summary judgment is granted, that plaintiff's claims are dismissed and that the Clerk of the Court shall close this case.

DATED:       Buffalo, N.Y.

March 31, 2006

_____
        /s/ John T. Elfvin
        JOHN T. ELFVIN
        S.U.S.D.J.